VICTOR F. THOMPSON, PLAINTIFF, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY ET AL., DEFENDANT.

Decided March 13, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Bourgeois & Coulomb.*

*Contra, William C. French.*

PER CURIAM.

The plaintiff, while driving his car across the tracks of the defendant railroad company, in Pleasantville, was struck by

a train and very seriously injured. The proofs showed that as he approached the crossing the gates were down to protect against a passing train, and that he stopped until the gates were raised; that after the train had passed and the gates were raised he and other automobile drivers started over the tracks, and while doing this he was injured by another train, which was moving in the opposite direction, striking his car. The jury found a verdict in favor of the plaintiff, awarding him $25,000.

The first ground upon which we are asked to make the present rule absolute is directed at the action of the trial court in permitting one Dr. Morgan, an expert witness called by the plaintiff, to answer the following question put to him by the latter's counsel: "Then I would ask you whether, in your opinion, that condition which you found and have described, and which has been testified to, would be such a condition as might arise from a trauma or a blow?" The criticism upon this question is that it was immaterial whether a condition such as described therein might possibly arise, for the reason that the verdict should be based upon facts, or at least probabilities, and not possibilities. Accepting this criticism as sound, the admission of the question was rendered harmless by the answer of the physician, who said that the plaintiff's condition not only might arise from such a trauma or blow, but that it actually did arise therefrom; that the plaintiff's condition was the actual and direct result thereof.

The only other ground urged for setting this verdict aside is that it is grossly excessive. Notwithstanding the serious nature of the plaintiff's injuries and their permanent character, we think that the contention that the verdict is clearly excessive is fully justified.

If the plaintiff will consent to reduce the verdict to $20,000, he may enter judgment thereon for that amount. Otherwise, the rule to show cause will be made absolute.